

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOANG MINH TRAN,<br>CDCR # AA-5994<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM GORE; SCHROEDER; FLYNN; ESPINOZA; JONES; JOHN DOES; SHAWCROFT; DOUGLAS,<br><br>Defendants. | Civil No. 10cv1880 MMA (BLM)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND**<br><br>**(2) DISMISSING ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

Plaintiff, a state inmate currently incarcerated at California Men's Colony in San Luis Obispo, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28

U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the Court further orders the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

First, Plaintiff names Defendant Gore as a Defendant but fails to allege any specific factual allegations pertaining to Defendant Gore in his role as San Diego County Sheriff. There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Supervisory prison officials may only be held liable for the allegedly unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what extent they personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As currently pleaded, however, Plaintiff's Complaint fails to set forth facts which might be liberally construed to support an individualized constitutional claim against Defendant Gore.

Second, Plaintiff seeks to hold Defendant Jones liable for his alleged failure to properly investigate an incident in which Plaintiff claims that excessive force was used against him. However, Plaintiff claim against Defendant Jones for allegedly failing to properly investigate his excessive force claims fails to state a constitutional claim under § 1983. *See Gomez v. Whitney*, 757 F.2d 1005 (9th Cir. 1985) (holding that an inadequate investigation alone does not "involve[] the deprivation of a protected right," but must involve "another recognized constitutional right.").

Third, Plaintiff claims that Defendants "John Does" violated his right to be free from cruel and unusual punishment by failing to provide him with a "bedroll mattress" and causing his cell to be cold. *See* Compl. at 5. In his Complaint, it is unclear whether Plaintiff is a pre-trial detainee or whether he is serving a sentence following a criminal conviction. The Ninth Circuit

has noted that while different Constitutional provisions may be applied dependent on whether a plaintiff's claim arise before or after conviction, a "pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment," and therefore, "the same standards apply." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998); *but cf. Gibson v. County of Washoe*, 290 F.3d 1175, 1188 n.10 (9th Cir. 2002) (noting that while the Court generally looks to Eighth Amendment cases when reviewing conditions of confinement claims raised by pretrial detainees under the Fourteenth Amendment, "[i]t is quite possible ... that the protections provided pretrial detainees by the Fourteenth Amendment in some instances exceed those provided convicted prisoners by the Eighth Amendment."); *see also Lolli v. County of Orange*, 351 F.3d 410, 419 n.6 (9th Cir. 2003) (quoting *Gibson*, 290 F.3d at 1188 n.10).

In order to assert a claim for inadequate medical care, Plaintiff must allege facts which are sufficient to show that each person sued was "deliberately indifferent to his serious medical needs." *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Prison officials must purposefully ignore or fail to respond to Plaintiff's pain or medical needs; neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice constitutes a constitutional violation. *Estelle*, 429 U.S. at 105-06.

Thus, to state a claim, Plaintiff must allege facts sufficient to show both: (1) an objectively "serious" medical need, i.e., one that a reasonable doctor would think worthy of comment, one which significantly affects his daily activities, or one which is chronic and accompanied by substantial pain, *see Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994); and (2) a subjective, and "sufficiently culpable" state of mind on the part of each individual Defendant. *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

Here, Plaintiff's inadequate medical care claims fail to allege facts sufficient to rise to the level of a constitutional violation. He fails to adequately allege a serious medical need and he further fails to identify with any specificity how the lack of a "bedroll mattress" has any effect on his alleged serious medical need. Thus, Plaintiff's deliberate indifference to serious medical needs claim is dismissed for failing to state a claim upon which relief can be granted.

Finally, Plaintiff claims that his due process rights under the Fourteenth Amendment have been denied by the failure to properly process his administrative grievances. *See* Compl. at 6. The Fourteenth Amendment provides that: "[n]o state shall ... deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty or property interests sufficient to invoke due process protection. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). To state a procedural due process claim, Plaintiff must allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000).

However, the Ninth Circuit has held that prisoners have no protected *property* interest in an inmate grievance procedure arising directly from the Due Process Clause. *See Ramirez v. Galaza*, 334 F.3d 850, 869 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure") (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure")); *accord Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (1995); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

In addition, Plaintiff has failed to plead facts sufficient to show that prison official deprived him of a protected *liberty* interest by allegedly failing to respond to his prison grievances in a satisfactory manner. While a liberty interest can arise from state law or prison regulations, *Meachum*, 427 U.S. at 223-27, due process protections are implicated only if Plaintiff alleges facts to show that Defendants: (1) restrained his freedom in a manner not expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997). Plaintiff pleads nothing to suggest how the allegedly inadequate review and consideration of his inmate grievances resulted in an "atypical" and "significant hardship." *Sandin*, 515 U.S. at 483-84.

Thus, to the extent Plaintiff challenges the procedural adequacy of inmate grievance procedures, his Complaint fails to state a due process claim. *See* 28 U.S.C. § 1915A(b)(1); *Resnick*, 213 F.3d at 446.

For all these reasons, the Court finds that Plaintiff's Complaint must be dismissed sua sponte for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## III CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:.

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4. The case is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) & § 1915A(b).

5. Plaintiff is granted forty five (45) days from the date this Order is "Filed" in which to file an amended complaint which addresses each deficiency of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. CA. CIV.LR. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565,

6. The Clerk of Court is directed to mail a court approved form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED**.

DATED: November 3, 2010

Hon. Michael M. Anello
United States District Judge