# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HOANG MINH TRAN, CDCR # AA-5994 | | Civil No. 10cv1880 MMA (BLM) |
| | Plaintiff, | **ORDER DISMISSING FIRST AMENDED FOR FAILING TO STATE A CLAIM AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |
| vs. | | |
| WILLIAM GORE; SCHROEDER; FLYNN; ESPINOZA; JONES; JOHN DOES; SHAWCROFT; DOUGLAS, | | |
| | Defendants. | |

**I.    PROCEDURAL HISTORY**

On September 1, 2010, Plaintiff, a state inmate currently incarcerated at California Men's Colony in San Luis Obispo, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). On November 3, 2010, the Court granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his Complaint for failing to state a claim. *See* Nov. 3, 2010 Order at 6-7. The Court granted Plaintiff leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court.

| | |
|---|---|
| 1 | The Court then granted Plaintiff an extension of time to file his First Amended |

The Court then granted Plaintiff an extension of time to file his First Amended Complaint. *See* Dec. 28, 2010 Order at 2. On January 31, 2011, Plaintiff filed his First Amended Complaint ("FAC").

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

### A. Duplicative claims

In his First Amended Complaint, Plaintiff alleges that unnamed deputies failed to provide him with medical assistance following claims of excessive force by jail officials and on many occasions refused to provide him with his seizure medication. (*See* FAC at 6-9.) Plaintiff also claims that jail officials retaliated against him for an alleged escape attempt. (*Id.* at 9.) Many of the claims found in Plaintiff's First Amended Complaint are duplicative of claims that Plaintiff has brought in previous actions. A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). The Court notes that Plaintiff has brought the same claims in *Tran v. Gore*, *et al.* S.D. Cal. Civil Case No. 10cv0464 DMS (POR) and

*Tran v. Gore, et al.*, S.D. Cal. Civil Case No. 10cv1751 JAH (WVG). Specifically, Plaintiff raises claims of constitutional violations on March 2, 2009 in the action currently before the Court and in the action previously filed in *Tran v. Gore*, *et al.* S.D. Cal. Civil Case No. 10cv0464 DMS (POR).

Because Plaintiff is already litigating the same claims presented in the instant action in the above referenced actions, the Court dismisses all duplicative claims found in this action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1.

### B.     Access to Courts

Plaintiff also alleges that jail officials destroyed a piece of evidence that he intended to introduce in *Tran v. Gore*, *et al.* S.D. Cal. Civil Case No. 10cv0464 DMS (POR) . (*See* FAC at 3.) Prisoners do "have a constitutional right to petition the government for redress of their grievances, which includes a reasonable right of access to the courts." *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996); *accord Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). In *Bounds*, 430 U.S. at 817, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons who are trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To establish a violation of the right to access to the courts, however, a prisoner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348; *see also Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994); *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989); *Keenan v. Hall*, 83 F.3d 1083, 1093 (9th Cir. 1996).

/ / /

/ / /

Here, Plaintiff has failed to alleged any actions with any particularity that have *precluded* his pursuit of a non-frivolous direct or collateral attack upon either his criminal conviction or sentence or the conditions of his current confinement. *See Lewis*, 518 U.S. at 355 (right to access to the courts protects only an inmate's need and ability to "attack [his] sentence[], directly or collaterally, and ... to challenge the conditions of [his] confinement."). In addition, Plaintiff must also describe the non-frivolous nature of the "underlying cause of action, whether anticipated or lost." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) .

In short, Plaintiff has not alleged that "a complaint he prepared was dismissed," or that he was "so stymied" by any individual defendant's actions that "he was unable to even file a complaint," direct appeal or petition for writ of habeas corpus that was not "frivolous." *Lewis*, 518 U.S. at 351; *Christopher*, 536 U.S. at 416 ("like any other element of an access claim[,] ... the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope."). Therefore, Plaintiff's access to courts claims must be dismissed for failing to state a claim upon which section 1983 relief can be granted. *See Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

### C. Respondeat Superior

Finally, once again, Plaintiff names Defendant Gore as a Defendant but fails to allege any specific factual allegations pertaining to Defendant Gore in his role as San Diego County Sheriff. There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

/ / /

/ / /

Supervisory prison officials may only be held liable for the allegedly unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what extent they personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As currently pleaded, however, Plaintiff's First Amended Complaint fails to set forth facts which might be liberally construed to support an individualized constitutional claim against Defendant Gore.

## III  CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:.

Plaintiff's First Amended Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief maybe granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(b). Moreover, because the Court finds amendment of Plaintiff's § 1983 claims would be futile at this time, leave to amend is **DENIED.** *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

The Clerk of Court shall close the file.

DATED: February 14, 2011

*Michael M. Anello* (signature)

Hon. Michael M. Anello
United States District Judge